**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BENJAMIN F. CROSBY, III** **PLAINTIFF**

**v.** **CIVIL NO. 1:15-cv-155-HSO-JCG**

**KATHRYN ADELE MITTELSTAEDT; DOUGLAS E. MITTELSTAEDT; CAROL ANN MITTELSTAEDT KOELEMAY; GREGORY P. HOLCOMB; WILLIAMS, WILLIAMS & MONTGOMERY, P.A.; AND XYZ INSURANCE COMPANY** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE [50] [55] AND MOTIONS TO DISMISS [48] [52], AND DENYING AS MOOT DEFENDANTS' MOTION FOR INJUNCTION [65]**

BEFORE THE COURT are Defendants Gregory P. Holcomb and Williams, Williams & Montgomery, P.A.'s, Motion to Dismiss [48], Motion to Strike [50], and Motion for Injunction [65]; and Defendants Kathryn Adele Mittelstaedt, Douglas E. Mittelstaedt, and Carol Ann Mittelstaedt Koelemay's Motion to Dismiss [52] and Motion to Strike [55].

For the reasons that follow, the Court finds that Defendants Gregory P. Holcomb and Williams, Williams & Montgomery, P.A.'s ("Holcomb Defendants"), Motions to Dismiss [48] and Strike [50], and Defendants Kathryn Adele Mittelstaedt, Douglas E. Mittelstaedt, and Carol Ann Mittelstaedt Koelemay's ("Mittelstaedt Defendants") Motions to Dismiss [52] and Strike [55] should be granted; that the Holcomb Defendants' Motion for Injunction [65] should be denied

as moot; and that pro se Plaintiff Benjamin F. Crosby, III's ("Plaintiff"), claims against each Defendant should be dismissed with prejudice.

## I. BACKGROUND

### A. Procedural History

This dispute arises out of litigation in State court over real property located in Pearl River County, Mississippi, which was resolved via a "Settlement Agreement," only to be followed by a "Motion to Enforce Settlement."[1] Compl. [1] at 3-8. The "Motion to Enforce Settlement" was filed on behalf of the Mittelstaedt Defendants by their attorney, Gregory P. Holcomb of the law firm of Williams, Williams & Montgomery, in the Special Court of Eminent Domain of Pearl River County, Mississippi, Civil Action No. CO-2012-0300-H.[2] Compl. [1] at 3-4; Mot. to Enforce Settlement [48-4] at 2. The Motion sought enforcement of the Settlement Agreement and to have the State court declare "null and void" a "frivolous" Lis

---

[1] Apparently the Settlement Agreement was intended to resolve litigation pending in the Chancery Court of Pearl River County, Mississippi, Cause No. 09-0539, as well as the litigation pending in the Special Court of Eminent Domain of Pearl River County, Mississippi, Civil Action No. CO-2012-0300-H. *See* Mot. to Dismiss [48-4] at 1.

[2] The case was styled "Kathryn Adele Mittelstaedt, Executrix of the Estate of Gloria Simon Mittelstaedt, deceased; Kathryn Adele Mittelstaedt, individually; Douglas E. Mittelstaedt, and Carol Ann Mittelstaedt Koelemay v. Paula W. Crosby, Individually; Benjamin F. Crosby, Jr., individually; Paula W. Crosby, Trustee of the Paula W. Crosby Revocable Living Trust; Benjamin F. Crosby, Jr., Trustee of the Benjamin F. Crosby, Jr., Revocable Living Trust; and Benjamin F. Crosby, III, individually."

Pendens Notice that had been filed against the real property in question. Mot. to Enforce Settlement [48-4] at 5-8.

In response, the Plaintiff in the case before this Court, Benjamin F. Crosby, III, along with the other party defendants in the State litigation, submitted a "Memorandum in Opposition to Motion to Enforce Settlement," through their attorney Thomas H. Duval, which posited that Benjamin F. Crosby, III, "did the responsible thing" in filing the Notice of Lis Pendens because "[i]t would have been irresponsible for the Crosby family to do nothing, allow a title defect to exist and take no steps to ensure that the title defect was cured in a timely fashion before any sale to a third party." Mot. in Opp'n [48-5] at 5-6. The Mittelstaedt Defendants, who were the plaintiffs in State court, then filed a "Response" which included the assertion that the State court defendants had admitted that "Benjamin F. Crosby III has engaged in the unauthorized practice of law by the filing of the Lis Pendens Notice on behalf of the Defendant Trusts in violation of Miss[.] Code § 79-3-55 (1972, as amended)." Resp. [48-6] at 4-5.

On May 5, 2015, Plaintiff filed his pro se Complaint [1] in this Court seeking to "recover damages for defamation" from all Defendants, jointly and severally. Compl. [1] at 2. Plaintiff contends that the "Response" [48-6] filed in State court contained the defamatory statement by Defendant Gregory P. Holcomb that Plaintiff had "engaged in a crime [i.e., the unauthorized practice of law]." Compl. [1] at 5, ¶ 14. The Complaint in this case further posits that because Defendant

Holcomb was acting as an employee of Defendant Williams, Williams & Montgomery at the time he filed the "Response," Defendant Williams, Williams & Montgomery is "vicariously liable." Compl. [1] at 7, ¶ 25. Plaintiff also contends that the Mittelstaedt Defendants may be liable if they "caused the [defamatory] statement to be made or endorsed the statement." Compl. [1] at 8, ¶ 29.

On November 16, 2015, Plaintiff filed a Motion for Leave [44] to amend his Complaint "to plead specific damages and to add a claim against Elizabeth Ross Hadley," and attached a proposed First Supplemental and Amending Complaint for Damages [44-1]. On November 23, 2015, United States Magistrate Judge John C. Gargiulo entered an Order [45] which granted Plaintiff's Motion to the extent that Plaintiff would be allowed to file an amended complaint "pleading specific damages," but denied Plaintiff's Motion to the extent that Plaintiff sought to add a defamation claim against Elizabeth Ross Hadley, who serves as counsel for the Mittelstaedt Defendants in the case before this Court, based upon statements contained in pleadings filed by Hadley in this case. Order [45] at 1-3. The Magistrate Judge found that the defamation claim Plaintiff was seeking to assert against Elizabeth Hadley would be "futile" in that, because the alleged defamatory statements were made in connection with judicial proceedings in this Court and because Hadley's statements were relevant to the subject matter of this litigation, they were privileged. Order [45] at 1-3. The Magistrate Judge's Order also

provided that "any amended complaint that complies with this Order will supersede the original complaint . . .". Order [45] at 2.

On December 4, 2015, Plaintiff filed his Amended Complaint for Damages [46] reasserting his defamation claims against the original Defendants, asking for actual and punitive damages of at least $3,000,000.00, with punitive damages of 4% of the net worth of each "culpable" Defendant, and further seeking "special damages." Am. Compl. [46] at 23-27. The Amended Complaint also asserts a new claim against Defendants based upon alleged fraud and/or perjury committed by Defendants in the State court litigation. Am. Compl. [46] at 23, ¶ 74. Additionally, Plaintiff requests that "sanctions be imposed" upon Elizabeth Hadley "for her deliberate violation of the Mississippi Rules of Professional Conduct" based upon her "malicious acts and defamation." Am. Compl. [46] at 8-16.

B. <u>Defendants' Motions to Dismiss [48] [52]</u>

On December 18, 2015, the Holcomb Defendants and the Mittelstaedt Defendants filed their respective Motions to Dismiss [48] [52] the Complaint and/or Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that Plaintiff's claims must be dismissed, as a matter of law, because the alleged "defamatory" statement contained in the State court pleadings was privileged in that it appeared within a pleading filed in the State court litigation and the statement was relevant to that litigation. Holcomb Mot. to Dismiss [48] at 1-2;

Mittelstaedt Mot. to Dismiss [52] at 1-3. Alternatively, Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata. Holcomb Mot. to Dismiss [48] at 1-2; Mittelstaedt Mot. to Dismiss [52] at 1-3.

Plaintiff has filed a Response [59] to the Mittelstaedt Defendants' Motion to Dismiss [52] and a Response [60] to the Holcomb Defendants' Motion [48]. Plaintiff contends that "[t]here is no question that this Plaintiff has stated a claim upon which relief may be granted. Plaintiff clearly and plainly pled, 'defamation.'" Resp. [60] at 21; *see also* Resp. [59] at 2. Plaintiff further asserts that, although the alleged defamatory statement was made in a pleading in the State court action, the statement was not relevant to that litigation and thus not privileged.

> The statement that Benjamin F. Crosby, III, engaged in the unauthorized practice of law had no relevance to the matter before the lower [state] Court in that the Mittelstaedt's failed to comply with the Court Order, Settlement Agreement and restrictive deed covenant to properly erect a fence and gate. These attorney defendants and their clients, the Mittelstaedts exceed [sic] the privilege of the immunity they are claiming from publishing false defamatory statements about this Plaintiff in the course of litigation, statements which have **no relevancy** to the matter before the court. The **fabrication** of **false relevancy** in the course of defense of a claim for damages for defamation fails to the [sic] comply with the measure of standards the Courts have set for 'relevance.'

Resp. [60] at 26 (emphasis in original); *see also* Resp. [59] at 18. Plaintiff also contends that his defamation claim is not barred by res judicata. Resp. [60] at 17-19; Resp. [59] at 23-25.

On March 17, 2016, the Holcomb Defendants filed a Notice of Supplemental Authority [68] attaching a copy of the Mississippi Court of Appeals' Opinion [68-1]

upholding the decision of the Special Court of Eminent Domain of Pearl River County which denied Crosby's motion for leave to file an out of time appeal. *See Crosby v. Mittelstaedt*, No. 2015-CA-00529-COA, 2016 WL 700307 (Miss. Ct. App. Feb. 23, 2016). Plaintiff filed a Response [69] to this Notice on April 1, 2016, stating that the Mississippi Court of Appeals' Opinion does not "have a bearing on this instant matter before this Court, defamation," and does not address "the libelous, slanderous and defamatory statements published" by Defendants against Plaintiff. Resp. [69] at 1.

B. Motions to Strike [50] [55]

Simultaneous with the filing of Defendants' Motions to Dismiss [48] [52] on December 18, 2015, the Holcomb Defendants and the Mittelstaedt Defendants also filed Motions to Strike [48] [52] the Amended Complaint, asserting that the allegations contained in the Amended Complaint exceeded the scope of the Court's Order [45] granting leave to amend by asserting claims against Elizabeth Hadley and claims of fraud and/or perjury against all Defendants. Holcomb Mot. to Strike [50] at 1; Mittelstaedt Mot. to Strike [55] at 1-2. Plaintiff has not filed a response to either of these Motions.

C. Holcomb Defendants' Motion for Injuction [65]

On February 19, 2016, the Holcomb Defendants filed a Motion for Injunction [65] seeking to prohibit Plaintiff from filing "any additional motions, documents,

complaints, lawsuits or other papers against them." Holcomb Mot. for Injunction [65] at 1-2.

On March 9, 2016, Plaintiff filed a Response [67] asserting that the Motion for Injunction was yet another attempt by Defendants to "avert this Court's attention from the issue at hand, defamation and the damage it caused." Resp. [67] at 15. Plaintiff further opines that such an injunction "would be a denial of this Plaintiff's civil and constitutional rights." Resp. [67] at 15.

## II. DISCUSSION

### A. Relevant Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"[T]he mere presence of additional issues in the record" does not require a court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary

judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). A court may consider matters of public record in resolving a motion to dismiss without converting the motion to one for summary judgment. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6)) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Based on the foregoing authority and the nature of the attachments to the parties' filings, the Court is of the view that it may, and therefore will, consider Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) and need not treat them as motions for summary judgment.

B. Analysis

1. Defendants' Motions to Strike [50] [55] portions of Plaintiff's Amended Complaint should be granted.

Before addressing the Motions to Dismiss [48] [52], the Court must first determine whether Plaintiff's Amended Complaint [46], or portions thereof, should be stricken for noncompliance with the Magistrate Judge's Order [45] as argued by

Defendants.[3] Pursuant to Federal Rule of Civil Procedure 15(a), the Court finds that Defendants' Motions to Strike [50] [55] should be granted as Plaintiff exceeded the scope of the Order which allowed Plaintiff to amend his Complaint only to "plead specific damages." Order [45] at 1. By asserting in the Amended Complaint [46] a new fraud and/or perjury claim against the existing Defendants, Plaintiff exceeded the scope of the Magistrate Judge's Order. *See In Re Keith Instruments, Inc.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009) (striking new causes of action that far exceeded the scope of leave granted by the Court to amend the Complaint).

The Court further finds that Plaintiff's Amended Complaint, to the extent it asserts "redundant, immaterial, impertinent, or scandalous matter," including unsubstantiated allegations of fraud, should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Thus, in reviewing Defendants' Motions to Dismiss, the Court will consider the allegations contained in the Complaint [1] and the specific damages asserted in the Amended Complaint [46] as allowed by the Magistrate Judge's Order [45].

---

[3] The Court notes that Plaintiff has not responded to these Motions to Strike. Plaintiff also did not seek review of the Magistrate Judge's Order, nor did he file a second motion to amend his Complaint. "28 U.S.C. § 636(b)(1)(A) provides that a judge may request that a magistrate hear pre-trial matters pending before the judge, including discovery motions in criminal trials. Appeals from the magistrate's ruling must be to the district court." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (citations omitted).

To the extent the Amended Complaint seeks sanctions against Elizabeth Ross Hadley for filings in this Court, the Court has considered this issue and finds that Plaintiff's request for sanctions should be denied.

2. <u>Defendants are entitled to dismissal of Plaintiff's claims as argued in their Motions to Dismiss [48] [52].</u>

The Holcomb Defendants and the Mittelstaedt Defendants argue that Plaintiff's Complaint [1] and Amended Complaint [46] should be dismissed for failure to state a claim. Plaintiff's claim against Defendants is that they published an alleged defamatory statement "within a pleading filed in the Mittelstaedt Litigation" in the Special Court of Eminent Domain of Pearl River County. Compl. [1] at 7, ¶22.

In *Lehman v. Holleman*, 526 F. App'x 346 (5th Cir. 2013), the United States Court of Appeals for the Fifth Circuit discussed the parameters of a defamation claim under Mississippi law:

> Under Mississippi law, a defamation claim requires that the plaintiff prove:
>
> > (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
>
> *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986). Thus, in order for Holleman's statement to be actionable, it must constitute "an unprivileged publication." *See id.* Mississippi courts consider statements made in connection with judicial proceedings, "if in any way relevant to the subject matter of the action," as "absolutely

> privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood." *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001); *see also Clinton v. Johnson*, No. 5:12-CV-84, 2013 U.S. Dist. LEXIS 32178, 2013 WL 870361, at *6 (S.D. Miss. Mar. 7, 2013) (explaining that "[s]ome time ago, the Mississippi Supreme Court carefully considered this exact issue and settled on the 'American rule' that statements made in a judicial proceeding, if pertinent and relevant to that proceeding, are absolutely privileged" (quoting *Hardtner v. Salloum*, 148 Miss. 346, 114 So. 621, 624 (Miss. 1927)). In order to be absolutely privileged, "the defamatory words must be pertinent or relevant" to the underlying controversy. *Hardtner*, 114 So. at 624. Mississippi courts favor a "liberal rule" as "to the determination of the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged." *Id.* "The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." *Id.*

*Lehman*, 526 F. App'x at 348.

There is no dispute here as to what the alleged defamatory statement was, or where the alleged defamatory statement was published. The statement to which Plaintiff took offense, that he had engaged in the unauthorized practice of law, was contained in a pleading filed in the State court litigation and was, under Mississippi law, "privileged" if it was in any way related to the litigation.[4] *McCorkle*, 811 So. 2d at 266. The Court finds that the alleged defamatory statement, "that Benjamin F. Crosby III has engaged in the unauthorized practice of law by the filing of the Lis Pendens Notice on behalf of the Defendant Trusts," Mot. to Enforce Settlement [48-6] at 4-5, was clearly related to the State court litigation and was relevant to the

[4] Plaintiff has admitted that the statement at issue was contained in a pleading filed in the underlying State court litigation. *See* Compl. [1] at 5; Am. Compl. [46] at 4-5.

matter surrounding that litigation, including the Motion to Enforce Settlement. The Motion to Enforce Settlement was filed in response to the Lis Pendens Notice Plaintiff had filed against the real property owned by the Mittelstaedt Defendants.

Given the fact that Mississippi law favors a liberal construction of relevance in order to support a claim of privilege in defense to a defamation claim, Plaintiff does not have a viable cause of action for defamation against any Defendant for the alleged defamatory statement. The statement upon which Plaintiff relies to assert his defamation claim was published in a pleading filed in the State court litigation, and was relevant to that litigation. The Court finds that Plaintiff has failed to state a claim for which relief may be granted, and Plaintiff's claims against Defendants should be dismissed as a matter of law pursuant to Rule 12(b)(6).

3. The Holcomb Defendants' Motion for Injunction [65] should be denied as moot.

In light of the Court's findings, the Holcomb Defendants' Motion for Injunction [65] to bar further filings in this case is moot, as this case will be dismissed with prejudice.

## III. CONCLUSION

After a thorough review and consideration of the pleadings, the record as a whole, and relevant legal authority, the Court concludes that Plaintiff's claims against each Defendant should be dismissed with prejudice.

Defendants Gregory P. Holcomb and Williams, Williams & Montgomery, P.A.'s, Motion to Strike [50] and Motion to Dismiss [48] will be granted, and their

Motion for Injunction [65] will be denied as moot. Defendants Kathryn Adele Mittelstaedt, Douglas E. Mittelstaedt, and Carol Ann Mittelstaedt Koelemay's Motion to Strike [55] and Motion to Dismiss [52] will be granted. Plaintiff's claims against each Defendant will be dismissed with prejudice. Plaintiff's request for sanctions against Elizabeth Hadley will be denied. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Gregory P. Holcomb and Williams, Williams & Montgomery, P.A.'s, Motion to Strike [50] and Motion to Dismiss [48] are **GRANTED**, and their Motion for Injunction [65] is **DENIED AS MOOT**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Defendants Kathryn Adele Mittelstaedt, Douglas E. Mittelstaedt, and Carol Ann Mittelstaedt Koelemay's Motion to Strike [55] and Motion to Dismiss [52] are **GRANTED.**

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff's request for sanctions against Elizabeth Ross Hadley is **DENIED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff Benjamin F. Crosby, III's claims against all Defendants are **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE